IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

05 JUL 27 PM 12:33

1:05CV0510

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Hon. |
| Plaintiff, | Civil Action No. |
| v. | |
| MAGNA DONNELLY CORP., INC. | **COMPLAINT AND JURY TRIAL DEMAND** |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to make whole Christine DeGram ("DeGram") and similarly situated employees who were affected by such practices.

The Equal Employment Opportunity Commission alleges that Defendant, Magna Donnelly Corporation, Inc. ("Magna Donnelly") violated the Americans with Disabilities Act by discriminating against DeGram and similarly situated employees by failing to reasonably accommodate them and by terminating their employment.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C.

Section 1981(A).

2. The employment practices hereafter alleged to be unlawful were committed in the Western District of Michigan.

## PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Magna Donnelly was doing business in the State of Michigan and the City of Holland, and continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Magna Donnelly was continuously engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Magna Donnelly was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, DeGram filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Magna Donnelly. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least June of 2002, Defendant Magna Donnelly engaged in unlawful

employment practices in violation of the ADA Sections 102(a), 102(b)(5)(A) and 102(b)(5)(B), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A) and 12112(b)(5)(B), at its Holland, Michigan facility. The Defendant's unlawful practices include, but are not limited to, failing to reasonably accommodate DeGram and other similarly situated employees, by discharging her and other similarly situated employees and by failing to rehire DeGram.

9. DeGram is a qualified individual with a disability (multiple sclerosis) who was able to perform the essential functions of her position with or without reasonable accommodation.

10. The effect of the above-mentioned, unlawful employment practices has been to deprive DeGram and other similarly situated individuals of equal employment opportunities because of their disabilities.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of DeGram and other similarly situated individuals.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any unlawful employment practice which discriminates on the basis of disability;

B. Order the Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order the Defendant Employer to provide training to its management employees

regarding disability and the ADA's requirement to provide a reasonable accommodation to disabled employees;

D. Order the Defendant Employer to make whole DeGram and other similarly situated individuals by providing them with appropriate lost earnings and benefits, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary including reinstatement, if appropriate, to eradicate the effects of its unlawful employment practices;

E. Order Defendant Employer to make whole DeGram and other similarly situated individuals by providing compensation for past nonpecuniary losses, as well as punitive damages, resulting from the unlawful practices complained of in paragraph 8 above in amounts to be proven at trial.

F. Grant the Commission its costs in this action; and

G. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

Equal Employment Opportunity Commission
1801 L. Street, N.W.
Washington, D.C. 20507

DATED: July 22, 2005

ADELE RAPPORT (P44833)
Regional Attorney

ROBERT K. DAWKINS (P38289)
Supervisory Trial Attorney

DALE PRICE (P55578)
Trial Attorney

DETROIT DISTRICT OFFICE
Patrick V. McNamara Building
477 Michigan Ave., Room 865
Detroit, Michigan 48226
(313) 226-6701