UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

V.

MAGNA DONNELLY, INC.,

Defendant.
_____

CASE NO. 5:04-CV-0168

HON. RICHARD ALAN ENSLEN

## CONSENT DECREE

1.    The Equal Employment Opportunity Commission ("EEOC") filed suits on September 28, 2004 and July 27, 2005 under the Americans with Disabilities Act ("ADA").

2.    Magna Donnelly responded denying all claims.

3.    The EEOC and Magna Donnelly have agreed to resolve the suit.

## STIPULATED FACTS

4.    The EEOC is the agency of the United States government authorized by the ADA to investigate allegations of unlawful employment discrimination based upon disability, to bring civil actions to prohibit unlawful employment practices, and to seek relief for individuals affected by such practices.

5.    Magna Donnelly is an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(2), which incorporates by

1

reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h). Magna Donnelly had at least 25 employees for 20 or more calendar weeks during the relevant period of time.

6. Pursuant to the ADA, the parties acknowledge the jurisdiction of the United States District Court for the Western District of Michigan (Southern Division) over the subject matter and parties to this case for the purpose of entering this Decree, and if necessary, enforcing the provisions of this Decree.

7. Venue is appropriate in the Western District of Michigan (Southern Division). For purposes of this Decree and proceedings related to this Decree only, Magna Donnelly agrees that all statutory conditions precedent to the institution of this lawsuit against Magna Donnelly have been fulfilled.

## NON-ADMISSION

8. Magna Donnelly does not admit any liability or wrongdoing in this matter.

## NON-DISCRIMINATION

9. Magna Donnelly supports and will continue to comply with the ADA, including making any required individualized assessments.

## NON-RETALIATION

10. Magna Donnelly will not take any action as a result of this matter which constitutes intimidation, retaliation, harassment, or interference with the exercise of such person's rights under the ADA because of the filing of a discrimination charge or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with the ADA.

## MONETARY COMPENSATION

11.     Magna Donnelly shall, within thirty (30) days of entry of this Consent Decree, pay all claimants back pay in the amount which Magna Donnelly and the EEOC have agreed (total $100,000).  Magna Donnelly shall issue a W-2 form for the back pay amount in the ordinary course of business.  Magna Donnelly will make appropriate employer contributions and will not deduct these employer contribution amounts from amounts paid to claimants.  This monetary compensation shall be paid through checks made payable to claimants at addresses provided by the EEOC.  Magna Donnelly shall mail these payments to the claimants by overnight mail within thirty (30) days after this Consent Decree has been entered by the Court. Magna Donnelly shall mail copies of the checks and the certified mail receipts to Laurie Young, Regional Attorney (or her successor), 101 W. Ohio Street, Suite 1900, Indianapolis, IN 46204.

## TRAINING AND/OR EDUCATIONAL PROGRAMS

12.     The EEOC acknowledges that Magna Donnelly has provided ADA training, and will continue to provide training in the normal course, to managers, supervisors and HR staff per a training program developed by defense counsel which has been reviewed by the Commission. The training program includes the topics of reasonable accommodation, undue hardship and the duties of employees and employers to engage in the interactive process to determine potential reasonable accommodations.  Magna Donnelly has provided a roster of all attendees for the training sessions and the topics covered.

## POSTING OF NOTICE

13.     Magna Donnelly agrees that it will post a copy of the Notice attached as Exhibit A at its Third Street location on the regular notice posting location within the facility.  The notice

shall be posted for one (1) year from the date the Consent Decree is entered. Should the posted notice become defaced, marred or otherwise made unreadable, Magna Donnelly agrees to post a readable copy of the notice as soon as practical thereafter.

## DURATION

14. This Consent Decree shall remain in effect for one (1) year from the date it is entered, and the Court shall retain jurisdiction of this action during the duration of this Decree to enforce compliance with the Decree.

## REPORTING

15. Six months after entry of this Consent Decree and at the end of one year, Magna Donnelly will confirm to the EEOC that it has complied with the Consent Decree. Magna Donnelly will send this information to: Laurie Young, Regional Attorney (or her successor), EEOC, Indianapolis District Office, 101 W. Ohio Street, Suite 1900, Indianapolis, IN 46204.

## DISPUTE RESOLUTION AND COMPLIANCE

16. The Court will have all available equitable powers, including injunctive relief, to enforce Paragraphs 10, 11 and 12 of this Decree. Upon motion of any party, the Court may schedule a hearing for the purpose of reviewing any party's compliance with this Decree and/or ordering appropriate relief to determine whether the parties have complied with the terms of this Decree. Prior to seeking review by the Court, the parties shall engage in a good faith effort to resolve any dispute concerning compliance with the Decree. Any party seeking court review of a matter shall be required to give ten (10) days notice to the other parties before moving for such review.

**COURT COSTS AND ATTORNEY FEES**

17. Each party shall bear its own court costs and attorney fees.

**MISCELLANEOUS**

18. If any provision(s) of this Agreement is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

19. The terms of this Decree shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Magna Donnelly.

20. This Agreement constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by Magna Donnelly and the EEOC.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | MAGNA DONNELLY CORPORATION |
| /s/ Dale Price | By: /s/ Jeffrey J. Fraser |
| Laurie Young | |
| Regional Attorney | Its: Attorney |

Deborah Barno (P44525)
Acting Supervisory Trial Attorney

Dale Price (P55578)
Trial Attorney
Attorneys for Plaintiff

Detroit Field Office
Patrick V. McNamara Federal Building
477 Michigan Ave., Room 865
Detroit, MI 48226

5

# **EXHIBIT A**

## NOTICE

The EEOC filed an Americans with Disabilities Act suit on September 28, 2004 against Magna Donnelly. Allegations were made on behalf of six claimants.

Magna Donnelly responded denying all claims.

The EEOC administers the Americans with Disabilities Act which prohibits disability discrimination related to hiring, layoff, recall, promotion, discharge, pay and fringe benefits. The Detroit Field Office of the EEOC investigates charges of discrimination based on disability and is located at 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

The EEOC and Magna Donnelly have agreed to resolve this suit.

Magna Donnelly supports and will comply and will continue to comply with the Americans with Disabilities Act.

Having reviewed the provisions of the Consent Decree, and the Court being satisfied that its entry is proper and in the interest of justice;

**IT IS HEREBY ORDERED** that the Consent Decree is **APPROVED** and its provisions entered as the binding Decree of this Court.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 15, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |